**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

In re: FAST TRACK TRADING LLC, Debtor. Case No. 25-10470-MBK

JOHN M. McDONNELL, ESQ., Chapter 7 Trustee, Plaintiff,

v. SHENG HE, Defendant. Adv. Pro. No. 26-01480-MBK

**DEFENDANT SHENG HE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Sheng He ("Defendant"), appearing pro se, answers the Complaint as follows. Responses to allegations concerning the legal avoidability or recoverability of any payment do not concede liability. Admissions are limited to the matters expressly admitted.

**RESPONSES TO NUMBERED ALLEGATIONS**

1. Defendant acknowledges that the Complaint invokes 28 U.S.C. §§ 157 and 1334 as grounds for subject-matter jurisdiction. Defendant does not contest that the Court has bankruptcy-related subject-matter jurisdiction merely by denying liability. Defendant reserves any legally available objection to the Court's authority to enter final judgment, as stated below.

2. Defendant acknowledges that Plaintiff characterizes this adversary proceeding as a core proceeding under 28 U.S.C. § 157(b)(2). Whether the Bankruptcy Court may enter final judgment on any particular claim without consent is a legal question. Defendant does not admit liability.

3. Defendant acknowledges that Plaintiff asserts venue under 28 U.S.C. §§ 1408 and 1409. Defendant does not admit that venue is proper under every potentially applicable provision and reserves any timely, legally supported venue objection or transfer request.

Responses to Complaint ¶¶ 4, 12–20, 50–52, 56, 58, 61, 63–64, 70–72: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations about the Trustee's appointment or investigation, FTT's internal records, sources of funds, financial condition, third-party creditors, or the Trustee's pre-suit diligence, and on that basis denies those factual allegations. Defendant does not purport to deny the existence of the bankruptcy proceeding.

5. Defendant admits that Defendant resides in New York.

6. Defendant admits participation in FTT simulated trading account programs, purchases of accounts, and receipt of a payout.

Responses to Complaint ¶¶ 7, 11, 42–46, 49, 53, 57, 59–60, 62, 65, 73, 75, 77, 81–83: Defendant denies that Plaintiff has established an avoidable or recoverable transfer, a legally sufficient lack of value, or a present entitlement to disallow Defendant's claim. As to FTT's intent, insolvency, internal financial practices, third-party creditor status, and other facts outside Defendant's knowledge, Defendant lacks information sufficient to form a belief after reasonable inquiry and therefore denies those factual allegations. Defendant admits only the payment and participation facts expressly stated below.

8–10. Defendant admits that FTT advertised simulated funded trading programs and that Defendant purchased accounts to participate. Defendant lacks sufficient knowledge to admit all asserted program-wide product ranges, customer limits, and marketing practices, and denies any inconsistent allegation.

21–23. Defendant lacks knowledge of FTT's alleged control of public reviews, commingling, and financial collapse and therefore denies those factual allegations after reasonable inquiry. Defendant denies that the alleged funding source, by itself, resolves Defendant's individual statutory defenses.

24–26. Defendant acknowledges that the Complaint identifies an involuntary petition dated December 23, 2024, a voluntary petition dated January 16, 2025, and a consolidation order dated March 12, 2025. Defendant does not dispute

that these dates appear in the Complaint; the operative petition date and legal consequences are governed by the court record and applicable law.

27–30. Defendant acknowledges that Plaintiff describes the Trustee's investigation and reasons for bringing this action. Defendant lacks knowledge sufficient to admit the asserted findings or the circumstances of other participants and therefore denies those factual allegations.

31. Defendant admits paying approximately $5,495.30 in account-related fees, as reflected in Exhibit A.

32. Defendant admits receipt of a $15,000 payment through Rise on October 2, 2024.

33. Defendant admits that $15,000 less $5,495.30 equals $9,504.70, but denies that this arithmetic establishes avoidability, lack of value, or liability.

34. Defendant admits that Plaintiff seeks to avoid alleged "Net Winnings," but denies that Plaintiff is entitled to avoidance or recovery.

35. Defendant admits that Plaintiff asserts constructive-fraud theories but denies that the statutory requirements for avoidance or recovery have been established.

36. Defendant admits receipt of $15,000 on October 2, 2024, within 90 days before the alleged December 23, 2024 Petition Date. Defendant denies that the transfer is avoidable or recoverable merely by reason of its date or amount.

37. Defendant admits that Plaintiff pleads alternative theories concerning overlapping payments. Defendant denies any entitlement to duplicative recovery and otherwise denies liability.

38. Defendant admits filing Proof of Claim No. 410 in the FTT bankruptcy case on April 13, 2025, in the stated amount of $15,529.00. Defendant does not presently recall the precise calculation of that amount. Defendant denies that filing the claim, by itself, establishes liability for avoidance or recovery of the transfer at issue.

39. Defendant acknowledges that Plaintiff seeks relief under § 502(d), but denies that the statutory conditions for disallowance have been established.

40, 47, 54, 66, 74, 79. These paragraphs incorporate prior allegations. Defendant incorporates the responses above and denies liability to the extent a response is required.

41. Defendant admits receipt of the October 2, 2024 payment within two years before the alleged Petition Date, but denies that the timing alone establishes an avoidable fraudulent transfer.

48. Defendant admits that the October 2, 2024 payment was within two years before the alleged Petition Date. Defendant denies that any portion is avoidable solely because of its timing.

55. Defendant acknowledges the legal theory stated under § 544(b) but denies that all conditions for avoidance have been established.

67. Defendant admits receipt of the $15,000 payment on October 2, 2024, within the 90-day period identified in Exhibit B, but denies that the payment is avoidable under 11 U.S.C. § 547.

68. Defendant admits requesting a $15,000 payout around September 10, 2024, receiving an approval notice around September 13, 2024, and receiving payment on October 2, 2024. Defendant does not admit that the Trustee has established the legal elements of an antecedent debt under § 547(b). The applicable payout terms and the time at which any legally enforceable obligation arose remain subject to proof.

69. Defendant admits participating in FTT's program and asserting a right to the approved payout. Defendant does not dispute the Bankruptcy Code's broad definitions of claim and creditor, but denies that this admission alone establishes an avoidable preference.

76. Defendant admits being the direct recipient of the October 2, 2024 Rise payment. Defendant denies that this fact alone establishes an avoided transfer or recoverable liability under § 550.

78. Defendant denies that Plaintiff has established an entitlement to prejudgment interest, costs, attorneys' fees, or other discretionary relief against Defendant. Defendant requests that any such relief be awarded only as authorized by

applicable law. Defendant acknowledges that post-judgment interest may be governed by applicable law if a qualifying judgment is entered.

80. Defendant admits filing Proof of Claim No. 410 in the amount of $15,529.00. Defendant denies that Plaintiff has established the statutory requirements for disallowance of that claim under 11 U.S.C. § 502(d).

## ADDITIONAL FACTS CONCERNING PAYOUT REQUESTS AND NOTIFICATIONS

Defendant provides the following additional facts to clarify the admitted transactions, without conceding that they independently resolve any statutory element:

Defendant submitted a request for a $15,000 payout on or about September 10, 2024. Defendant received an approval notification on or about September 13, 2024, and received the corresponding $15,000 payment on October 2, 2024.

After the October 2, 2024 payout, Defendant purchased additional FTT services through two payments of $805.50 each, totaling $1,611. Exhibit A lists corresponding fees dated October 4 and October 7, 2024. Defendant has Wise transfer records and an FTT order confirmation for $805.50 (Order No. 61523, dated October 5, 2024), stating that the order was processed. These two fees are included in, not additional to, the $5,495.30 shown in Exhibit A. The different timestamps shown by payment and order systems are not alleged to be errors.

After that payment, Defendant continued participating in FTT's trading programs and submitted further payout requests in two batches on or about October 23 and October 26, 2024.

Defendant received emailed payout approval notifications on or about October 29 and October 31, 2024. Those emails did not identify the amounts approved. Defendant recalls multiple approvals but cannot presently verify the exact number or total value, and Defendant did not receive the corresponding payments.

On or about November 7, 2024, FTT sent Defendant an email concerning refunds. Defendant recalls a separate follow-up email sent on or about December 4, 2024, indicating that FTT intended to begin processing refunds on December 9, 2024. Defendant did not receive a refund payment associated with these communications. The exact date, wording, and nature of any refund offer or process remain subject to verification from the original messages. Defendant does not characterize either refund email as approval of the separate unpaid payout requests.

The later payout approval emails and refund communications are distinct events. Defendant does not assert that unpaid payout approvals or refund announcements automatically constitute value, a right of setoff, or a reduction in the Trustee's claims.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

The following defenses are pleaded to the extent supported by evidence and applicable law. They do not shift any burden of proof imposed by statute.

### First — Ordinary Course of Business (11 U.S.C. § 547(c)(2))

Defendant invokes § 547(c)(2) to the extent the October 2, 2024 payout was made in the ordinary course of the parties' dealings or according to ordinary business terms, as supported by applicable FTT rules and payment practices. Defendant does not claim that a single payout, standing alone, proves the defense.

### Second — Subsequent New Value (11 U.S.C. § 547(c)(4))

After the October 2, 2024 transfer, Defendant paid $1,611 for additional FTT services. Defendant invokes § 547(c)(4) only if the evidence establishes that any qualifying new value was given to the Debtor and the other statutory requirements are satisfied. Defendant does not assert an automatic $1,611 credit merely because purchases occurred.

### Third — Good Faith and Value (11 U.S.C. § 548(c); Applicable State Law)

Defendant invokes the good-faith-and-value protection of § 548(c), and any applicable state-law defenses, to the extent proven. Defendant purchased accounts and continued purchasing services after receiving the payout. Defendant states that Defendant was unaware of the alleged internal financial misconduct when receiving the payout. Defendant does not

contend that account fees or simulated trading results automatically establish reasonably equivalent value for the entire transfer.

**Fourth — No Duplicative Recovery; Statutory Limits**

Defendant invokes the limitations on recovery in 11 U.S.C. § 550, including § 550(d), and denies any entitlement to multiple recoveries for the same transfer.

**Fifth — Failure to Establish Elements of Claims**

Defendant disputes the elements of avoidance and recovery alleged under §§ 544, 547, 548, and 550, including the applicability of statutory defenses. This is a denial of liability, not a claim that Plaintiff bears the burden on every affirmative defense.

## STATEMENT REGARDING ENTRY OF FINAL ORDERS OR JUDGMENT

To the extent consent is required for entry of final orders or judgment by the Bankruptcy Court, Defendant does not consent under Bankruptcy Rule 7012(b). Defendant recognizes that filing a proof of claim may affect the Court's constitutional authority and that nonconsent cannot limit authority the Court otherwise possesses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court deny any relief not established by the evidence and law, prevent duplicative recovery under § 550(d), and grant other appropriate relief.

Dated: 10/26/2026

Respectfully submitted,

[signature]

Sheng He, Defendant pro se

Mailing address: 663 55th st Brooklyn NY11220

Telephone: 6464606389 Email: hesheng00128@gmail.com

## CERTIFICATE OF SERVICE

I certify that on 10/26/2026, I served a true and correct copy of the foregoing Answer and Affirmative Defenses on Scott S. Rever, Esq., counsel for Plaintiff, by email at scott.rever@stevenslee.com, pursuant to his prior written consent to email service.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10/26/2026 Signature: [signature]

From: Sheng He
663 55th st
Brooklyn, NY 11220

Retail

UNITED STATES POSTAL SERVICE

08608

RDC 99

0 Lb 1.00 Oz

FCM LETTER
BROOKLYN, NY 11220
OCT 29, 2026

$11.02

S2324D500691-04

RECEIVED
NOV 02 2026
30 M
U.S. DISTRICT COURT - DNJ

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7022 0410 0002 3087 0576

To: Clerk of the Court US Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

ReadyPost®
Document Mailer

VED